FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE, a Washington corporation,<br><br>                 Plaintiff,<br><br>  v.<br><br>BRIDGETTE BURTON, an individual; MARIANNA BURTON, an individual; JACOB BURTON, an individual; ANTHONY BURTON, an individual; GABRIEL BURTON, an individual; CATHERINE BURTON, an individual; JOSEPH BURTON, an individual; MICHAEL BURTON, an individual; MARISSA BURTON, an individual; DANIEL BURTON, an individual; PATRICK BURTON, an individual; MATTHEW BURTON, an individual; ANDREA BURTON SANDBERG, an individual; and JEREMY BURTON, an individual,<br><br>                 Defendants. | NO: 2:18-CV-30-RMP<br><br>ORDER GRANTING DEFAULT JUDGMENT |

ORDER GRANTING DEFAULT JUDGMENT ~ 1

BEFORE THE COURT is Plaintiff Farmers New Life Insurance's Motion for Default Judgment, ECF No. 85. Farmers moves for default judgment against Defendants Marissa Burton, Daniel Burton, Patrick Burton, Matthew Burton, Andrea Burton Sandberg, and Jeremy Burton (collectively, "Default Defendants"). The Clerk of Court for the Eastern District of Washington entered an order of default against the Default Defendants on December 27, 2018. ECF No. 78. The Court has reviewed Farmers' motion and the record, and is fully informed.

**BACKGROUND**

Farmers filed this interpleader action on January 24, 2018. ECF No. 1. In the complaint, Farmers claimed that all Defendants had a possible claim to the $100,000 proceeds of a life insurance policy issued to Wallace Burton in 1989. *Id.* at 6–8. The dispute arose when Marianna Burton, one of Wallace's children, and Bridgette Zielke Burton, Wallace's wife at the time of his death, both claimed ownership of the proceeds. *Id.* at 8. None of the Default Defendants ever made claims for the proceeds. *Id.* at 8–9.

Farmers had difficulty locating and completing service of process on the Default Defendants. Farmers personally served Patrick Burton and sub-served Andrea Burton Sandberg, Jeremy Burton, and Daniel Burton by leaving the service documents with someone at each's residence. *See* ECF Nos. 16, 19, 30, and 33. Being unable to serve Marissa and Matthew Burton, Farmers moved for permission to serve Marissa and Matthew by publication, arguing that Marissa and Matthew's

states of residence, California and Tennessee, permitted service by publication if personal service could not be effectuated. ECF No. 21. The Court granted Farmers' request. ECF No. 30. Farmers filed proof of service by publication on Marissa and Matthew on June 15, 2018. ECF Nos. 34 and 35.

As the other Burton children and Ms. Zielke Burton litigated the dispute over the proceeds, the Default Defendants failed to respond or appear in this matter. Having not heard from the Default Defendants, Farmers moved for entry of default on December 26, 2018. ECF No. 75. The next day, the District Court Clerk for the Eastern District of Washington entered an order of default as to the Default Defendants. ECF No. 76. Farmers now moves for default judgment against the Default Defendants, asking the Court to enjoin the Default Defendants from instituting or prosecuting any court action against Farmers for the recovery of the proceeds at issue in this case. ECF No. 85.

**LEGAL STANDARD**

A court may exercise its discretion to order default judgment following the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(b). Once the Clerk of Court enters an order of default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In conjunction with moving for default judgment, Plaintiff must provide evidence of

all damages sought in the complaint, and the damages sought must not be different in kind or exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

Before granting default judgment, a district court should ensure the adequacy of the service of process on the party against whom default judgment is requested. *Calista Enters. Ltd. v. Tenza Trading Ltd.*, No. 3:13-cv-01045-SI, 2014 WL 3670856, at *2 (D. Or. July 23, 2014). This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988). Improper service of process is an adequate ground to set aside a clerk's entry of default. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

## DISCUSSION

*Service of Process*

The Court must determine whether proper service of process was completed on the Default Defendants before assessing whether default judgment is appropriate. *Calista Enters.*, 2014 WL 3670856, at *2.

Service of process is completed by following the guidelines of Federal Rule of Civil Procedure 4 or state law for serving summons in the state in which the action is brought or the state in which service is made. Fed. R. Civ. P. 4(e)(1). Under the federal rules, service is completed by personally serving the defendant; serving the summons and complaint on a person of suitable age and discretion at the

individual's usual place of abode; or serving an agent authorized to receive service of process on behalf of the defendant. Fed. R. Civ. P. 4(e)(2). In California and Tennessee, service may be made by publication if the party being served cannot be served with reasonable diligence and the serving party receives permission from a court. Cal. Civ. P. Code § 415.50; Tenn. Code § 21-1-204. In both states, service is effective after four consecutive weeks of publication. Cal. Civ. P. Code § 415.50(c) (stating that service of summons is completed as provided in section 6064 of the Government Code); Cal. Gov. Code § 6064 ("Publication of notice pursuant to this section shall be once a week for four successive weeks. . . . The period of notice . . . terminates at the end of the twenty-eighth day."); Tenn. Code § 21-1-2014(b).

Farmers personally served Patrick Burton at his residence in Redding, California. ECF No. 33. The Court finds that service of process on Patrick Burton was proper. Fed. R. Civ. P. 4(e)(2)(A).

Farmers sub-served Daniel Burton, Andrea Burton Sandberg, and Jeremy Burton. Daniel Burton was served by leaving the summons and complaint at his residence in Redding, California with Patrick Burton, a person of suitable age and discretion. ECF No. 32. Andrea Burton Sandberg was served by leaving the summons and complaint with her husband, Jason Sandberg, at her residence in Baker City, Oregon. ECF No. 16. Jeremy Burton was served at his residence in Compton, California by leaving the summons and complaint with another resident of the home who was of suitable age and discretion to receive service. ECF No. 19.

ORDER GRANTING DEFAULT JUDGMENT ~ 5

The Court finds that Daniel, Andrea, and Jeremy were properly served. Fed. R. Civ. P. 4(e)(2)(B).

Being unable to personally serve or sub-serve Marissa Burton or Matthew Burton, Farmers served them by publication after receiving permission from the Court to do so. ECF No. 30. Marissa's service was published in the Red Bluff Daily News in Red Bluff, California for four weeks in May and June of 2018. ECF No. 34. Matthew's service was published in the Williamson Herald in Williamson County, Tennessee for four weeks in May and June of 2018. ECF No. 35. After four weeks of publication, the service of process was effectuated. *See* Cal. Civ. P. Code § 415.50(c); Tenn. Code § 21-1-2014(b). The Court finds that Marissa and Matthew Burton were properly served. Fed. R. Civ. P. 4(e)(1).

Farmers properly completed service of process on all six of the Default Defendants. Therefore, the Court will analyze whether default judgment is appropriate.

*Default Judgment*

The Ninth Circuit has prescribed the following factors to guide the district court's decision regarding the entry of a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The first factor, the possibility of prejudice to Farmers, favors granting default judgment. Farmers has gone to great lengths to locate and serve the Default Defendants, resorting to service by publication after being unable to personally serve two of them. *See* ECF No. 86. Despite properly serving them, Default Defendants failed to appear, file an answer to the interpleader complaint, or indicate whether they were interested in claiming the life insurance proceeds. Farmers appears to lack an alternative to default judgment to ensure that Default Defendants will not claim the proceeds in the future. Therefore, the Court finds that Farmers would be prejudiced if they were not granted default judgment against the Default Defendants.

The second and third *Eitel* factors are assessed by analyzing whether the allegations in the complaint are sufficient to state a claim on which Farmers may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An insurer's good faith belief that it faced the possibility of multiple colorable competing claims to the amount in controversy satisfies the pleading requirement in an interpleader action. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). Here, Farmers had that good faith belief because there were two outstanding claims for the proceeds of Wallace's life insurance at the time Farmers filed this action. ECF No. 1 at 8. Therefore, Farmers' complaint was sufficient to state a claim, and the second and third *Eitel* factors favor granting the default judgment.

The fourth *Eitel* factor is the sum of money at stake in the action. *Eitel*, 782 F.2d at 1471–72. Farmers is seeking an order enjoining the Default Defendants from disputing the ownership of the policy proceeds. ECF No. 85 at 6. They are not seeking any monetary damages. *Id.* When the plaintiff does not seek monetary damages, this factor favors granting default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. 2002). Because Farmers is not seeking monetary damages, the fourth *Eitel* factor favors granting the default judgment.

The fifth *Eitel* factor is the possibility of a dispute concerning the material facts. *Eitel*, 782 F.2d at 1471–72. As shown through the previous fourteen months of litigation and competing motions for summary judgment, the material facts of this case are disputed. If the Default Defendants joined the dispute in this case, it is possible that they would have disputed the facts offered by the other Burton children and Ms. Zielke Burton. Therefore, the fifth factor weighs against granting default judgment.

The sixth *Eitel* factor is whether the entry of default was due to excusable neglect. *Eitel*, 782 F.2d at 1471–72. In *Eitel*, the Ninth Circuit found excusable neglect when a party did not answer a complaint because it thought that it had reached a settlement with the plaintiff. *Id.* at 1472. Any neglect in this case is not excusable. Farmers personally served one of the Default Defendants, sub-served three of them, and resorted to service by publication when they could not complete

ORDER GRANTING DEFAULT JUDGMENT ~ 8

service on the other two. *See* ECF No. 86. Because the Default Defendants are all siblings, they also likely are aware of the ongoing dispute for Wallace's life insurance policy proceeds. Default Defendants' failure to appear or otherwise answer in this case is not due to excusable neglect. Therefore, the sixth *Eitel* factor weighs in favor of granting default judgment.

The seventh *Eitel* factor is the strong policy favoring decisions on the merits in the Federal Rules of Civil Procedure. *Eitel*, 782 F.2d at 1471–72. "Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). But a defendant's failure to appear "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. The Default Defendants' failure to appear makes an adjudication on the merits of their potential claims to the policy proceeds impossible. Therefore, the seventh *Eitel* factor weighs in favor of granting default judgment.

Six of the seven *Eitel* factors weigh in favor of granting default judgment. Based on these factors, the Court finds that granting default judgment is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment, **ECF No. 85**, is **GRANTED**.

2. Judgment shall be entered in favor of Plaintiff against Defendants Marissa Burton, Daniel Burton, Patrick Burton, Matthew Burton, Andrea Burton Sandberg, and Jeremy Burton, enjoining them from:

a. Instituting or prosecuting any proceeding in any state or United States court against Farmers New World Life Insurance Company for the recovery of life insurance benefits regarding the Nonparticipating Flexible Premium Universal Life insurance policy issued to Wallace Burton on May 17, 1989, for the principal sum of One Hundred Thousand Dollars, policy number 004496399U; and

b. Instituting or prosecuting any proceeding in any state or United States court against Farmers New World Life Insurance regarding any policy benefits involved in this interpleader actions pursuant to 28 U.S.C. § 2361.

3. Marissa Burton, Daniel Burton, Patrick Burton, Matthew Burton, Andrea Burton Sandberg, and Jeremy Burton shall be terminated as Defendants in this case.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, terminate defendants as directed, and provide copies of this Order to counsel.

**DATED** March 8, 2019.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER GRANTING DEFAULT JUDGMENT ~ 10