FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE, a Washington corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>BRIDGETTE BURTON, an individual; MARIANNA BURTON, an individual; JACOB BURTON, an individual; ANTHONY BURTON, an individual; GABRIEL BURTON, an individual; CATHERINE BURTON, an individual; JOSEPH BURTON, an individual; MICHAEL BURTON, an individual; MARISSA BURTON, an individual; DANIEL BURTON, an individual; PATRICK BURTON, an individual; MATTHEW BURTON, an individual; ANDREA BURTON SANDBERG, an individual; and JEREMY BURTON, an individual,<br><br>                Defendants. | NO: 2:18-CV-30-RMP<br><br>ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION |

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR
RECONSIDERATION ~ 1

BEFORE THE COURT is Defendants Michael Burton, Joseph Burton, Catherine Burton, Gabriel Burton, Anthony Burton, Jacob Burton, and Marianna Burton's (collectively, "the Burton Children") Motion for Reconsideration, ECF No. 89. The Burton Children ask the Court to reconsider the Court's order denying the Burton Children's motion for summary judgment and granting Defendant Bridgette Zielke Burton's motion for summary judgment. ECF No. 87. The Court has considered the parties' briefing, the record, and is fully informed.

## BACKGROUND

The present dispute between the parties arose when Wallace Burton died on July 5, 2017. ECF No. 63-1 at 20. After his death, both Marianna Burton and Bridgette Zielke Burton claimed ownership of the proceeds of Wallace's life insurance policy. ECF No. 1 at 8. Plaintiff Farmers New World Life Insurance issued this life insurance policy to Wallace on May 17, 1989. ECF No. 48 at 6. When he was first issued the life insurance policy, Wallace named his second wife, Teresa Burton, as the primary beneficiary and his then-living children as the secondary beneficiaries. *Id.* at 9. Before he died, Wallace attempted to name his third wife, Ms. Zielke Burton, the primary beneficiary of the life insurance proceeds. ECF No. 63-1 at 12.

Marianna Burton claimed that she and the other Burton Children were entitled to the proceeds of the life insurance policy because the change of beneficiary to Ms. Zielke Burton was invalid, considering the language in the divorce decree between

Wallace and Teresa. ECF No. 59 at 5. Because the change of beneficiary to Ms. Zielke Burton was invalid, the Burton Children argued that they should receive the proceeds because Marianna, the youngest, was still a "child attending school," and therefore entitled to child support. *Id.* at 7. Further, they argued that Ms. Zielke Burton had no equitable claim to the life insurance proceeds because she acted with unclean hands by assisting Wallace in circumventing the mandates of the divorce decree between Wallace and Teresa. ECF No. 71 at 9.

Ms. Zielke Burton argued that she was entitled to the life insurance proceeds because the divorce decree did not encumber the life insurance policy at issue. ECF No. 62 at 9. She argued that Marianna was not a "child attending school" at the time of Wallace's death because Marianna had not completed the required paperwork to qualify herself as a "child attending school." *Id.* at 16. Finally, Ms. Ziekle Burton argued that she had the stronger equitable claim to the life insurance proceeds because Marianna received the proceeds of Wallace's accidental death and dismemberment insurance policy. *Id.* at 19.

On January 18, 2019, this Court issued an order granting Ms. Zielke Burton's motion for summary judgment and denying the Burton Children's motion for summary judgment. *Farmers New World Life Ins. v. Burton*, No. 2:18-CV-30-RMP, 2019 WL 267879 (E.D. Wash. Jan. 18, 2019). The Court found that the divorce decree between Wallace and Teresa encumbered the life insurance policy at issue and subsequently prevented Wallace from changing the beneficiaries while the

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 3

Burton Children were still receiving child support. *Id.* at *4–5. Because of the encumberment, the Court found that Wallace's attempt to name Ms. Zielke Burton as the beneficiary of the life insurance was void at the time that the paperwork was finalized. *Id.* at *5. The Court further found that Wallace was not required to pay child support to Marianna at the time of his death because Marianna did not qualify as a "child attending school." *Id.* at *6–7. As a result, the Court found that neither the Burton Children nor Ms. Zielke Burton were entitled to the proceeds of the life insurance policy as a matter of law. *Id.* at *7.

Resorting to equitable principles to resolve this dispute, the Court determined that there was no evidence that Ms. Zielke Burton acted with unclean hands. *Farmers*, 2019 WL 267879, at *7–8. Because the doctrine of unclean hands did not bar Ms. Zielke Burton from receiving the proceeds in equity, the Court found that the facts and circumstances of the case warranted awarding the proceeds to Ms. Zielke Burton. *Id.* at *8. The Court relied on the fact that the divorce decree stated that the purpose of encumbering the life insurance policy was to provide child support to the Burton Children. *Id.* Considering none of the children was receiving child support anymore, the Court found that Ms. Zielke Burton had a stronger claim to the proceeds. *Id.* Further, the Court found that even if Marianna needed child support, she already had received a substantial payout from the proceeds of an accidental death and dismemberment policy. *Id.* For these reasons, the Court found

that Ms. Zielke Burton was entitled to the proceeds of Wallace's life insurance policy. *Id.*

Apparently unhappy with the Court's decision, the Burton Children filed this motion for reconsideration on January 28, 2019. ECF No. 89. The Burton Children argue that they are the proper legal beneficiaries of the life insurance policy. *Id.* at 2. They argue that the proceeds of the life insurance policy should have been distributed as an asset of Wallace's estate. *Id.* at 4. Finally, the Burton Children renew their argument that Ms. Zielke Burton acted with unclean hands. *Id.*

**LEGAL STANDARD**

A motion for reconsideration under Fed. R. Civ. P. Rule 59(e)[1] should not be granted, "absent highly unusual circumstances, unless the district court is presented

---

[1] The Burton Children moved for relief "[p]ursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6)" in their motion for reconsideration. ECF No. 89 at 1. If a motion for reconsideration is filed within 10 days of the entry of judgment, the motion is construed as a motion to alter or amend judgment under Rule 59(e); otherwise, it is construed as a motion for relief from a judgment or order under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). The Burton Children filed their motion for reconsideration within 10 days of the entry of judgment. *See* ECF Nos. 88 (judgment, entered

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 5

with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A litigant may not use a motion for reconsideration "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, "[a] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Collegesource, Inc. v. Academyone, Inc.*, No. 08CV1987-GPC(MDD), 2015 WL 8482753, at *1 (S.D. Cal. Dec. 8, 2015).

"Granting a motion for reconsideration is a matter of judicial discretion and is considered to be an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *United States v. Bamdad*, No. CR 08-506-GW, 2017 WL 4064210, at *5 n.11 (C.D. Cal. May 3, 2017) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

/ / /

/ / /

/ / /

---

January 18, 2019) and 89 (motion for reconsideration, filed January 28, 2019). Therefore, the Court evaluates the Burton Children's motion under Rule 59(e).

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 6

**DISCUSSION**

*Arguments Presented in the Motion for Reconsideration*

For the first time, the Burton Children argue in their motion for reconsideration that they were the proper legal beneficiaries of the life insurance policy under Washington law because they were the secondary beneficiaries of the life insurance policy and Teresa's status as the primary beneficiary was terminated when she and Wallace divorced. ECF No. 89 at 2. Additionally, the Burton Children argue for the first time that the proceeds of the policy should be distributed as an asset of Wallace's estate rather than be awarded to a party of this litigation. *Id.* at 4.

"A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original). A district court does not even have to consider issues that were raised for the first time in motions for reconsideration. *389 Orange St.*, 179 F.3d at 665.

The attorneys for the Burton Children had an obligation to fully brief the Court in their motion for summary judgment, and their failure to do so does not allow them to raise new issues in a motion for reconsideration. In this district, parties may submit twenty pages to argue their motions for summary judgment. LCivR 7(f)(1). The attorneys for the Burton Children used eleven. ECF No. 59. This left nine pages with which the attorneys for the Burton Children could have

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 7

argued these two additional points, especially considering that their current motion for reconsideration is only six pages long. ECF No. 89. Instead, for a reason unknown to the Court, the attorneys chose not to include these arguments in a timely manner. ECF No. 59. The attorneys' failure to include all possible arguments in their motion for summary judgment is not a proper reason for the Court to consider their new arguments now and grant relief on a motion for reconsideration.

The third argument that the attorneys for the Burton Children offer in the motion for reconsideration is that the Court should take a second look at their argument that Ms. Zielke Burton acted with unclean hands. ECF No. 89 at 4. However, a motion for reconsideration is not a method to ask the court to simply rethink what the court already has considered. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Motions for reconsideration should only be used when a party discovers new evidence, an intervening change of the law occurs, or the court has committed clear error. *389 Orange St.*, 179 F.3d at 665.

The Court views the current motion as a combination of raising issues for the first time that could have been raised earlier and asking the Court to rethink an argument previously presented to the Court. Neither of these goals is proper in a motion for reconsideration.

Because the arguments asserted by the Burton Children are improper arguments to make in a motion for reconsideration, the Court can deny the motion without even considering them on the merits. *See 389 Orange St.*, 179 F.3d at 665.

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR
RECONSIDERATION ~ 8

However, in the interest of creating a full record for potential appellate review, the Court considers whether it committed clear error[2] when it granted Ms. Zielke Burton's motion for summary judgment and denied the Burton Children's motion for summary judgment.

*The Burton Children's Legal Claim to the Life Insurance Proceeds*

The Burton Children argue that they should have been named as the legal beneficiaries of the life insurance policy because Teresa Burton was terminated as the primary beneficiary upon her divorce with Wallace as a matter of law. ECF No. 89 at 3.

It is true that, under Washington law, dissolution of a marriage voids the beneficiary status of any former spouse. *See* Wash. Rev. Code § 11.07.010(2)(a); (5)(a)(i). However, resolution of this case was more complicated than the reading of one subsection of a Washington statute. For example, the dissolution decree ordered Wallace to name the children of his marriage with Teresa as the primary beneficiaries of the life insurance policy, but the children from Wallace's other marriage were also primary beneficiaries of the life insurance policy, and Wallace never changed it. ECF No. 4 at 12; ECF No. 48 at 9. The children from Wallace's

---

[2] The Court will not consider whether newly-discovered evidence or an intervening change in the law warrants granting this motion because no citation to evidence or recently-changed law is presented in the motion. ECF No. 89.

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 9

first marriage were named as defendants in this action but never answered and were ordered in default. *See* ECF Nos. 75 and 78. Further, Wallace took out an accidental death and dismemberment policy for the benefit of Marianna, the youngest of his children, which acted as its own security for child support for Marianna. ECF No. 63-2 at 88–96. These details show that the resolution of this case required consideration of all of the facts and circumstances available to the Court before coming to a conclusion.

The attorneys for the Burton Children had at least four chances to raise the potential implications of Wash. Rev. Code § 11.07.010(2)(a); (5)(a)(i) with this Court: in their initial motion for summary judgment; in their amended motion for summary judgment; in their reply brief; and at oral argument. They failed to raise this argument at each junction. *See* ECF Nos. 44, 52, 81. Now that the Court has ruled in Ms. Zielke Burton's favor, the Burton Children cannot present this statute, alone, as a basis to undermine the Court's analysis.

The Court will not grant the Burton Children's motion for reconsideration on this ground.

***Distribution of the Life Insurance Proceeds through Wallace's Estate***

The Burton Children argue that once the Court found that no party was legally entitled to the life insurance proceeds, the Court should have ordered that the proceeds be distributed as if it was an asset of Wallace's estate. ECF No. 89 at 4. However, the parties agreed earlier in this case that the life insurance proceeds

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 10

would not be distributed as a part of Wallace's estate. ECF Nos. 42 and 43. The Burton Children were the first to bring the issue before this Court, arguing that Ms. Zielke Burton should be enjoined from seeking the proceeds in the state probate action. ECF No. 36. Therefore, it is inappropriate for the Burton Children now to argue this basis for receiving the funds. The Court will not grant their motion for reconsideration on this ground.

*Ms. Zielke Burton's Unclean Hands*

In their final point, the Burton Children re-raise their argument that Ms. Zielke Burton acted with unclean hands, focusing on a paragraph in Ms. Zielke Burton's declaration that stated that she discussed Wallace's child support obligations with him.[3] ECF No. 89 at 4. The Burton Children argue that this created an issue of material fact that needed to be decided at trial. *Id.* However, the Court found that this paragraph did not create an issue of material fact, and that ruling in favor of the Burton Children would require the Court to infer evidence that was not on the record. *Farmers*, 2019 WL 267879, at *8. The Court finds that this was not clear error.

---

[3] The Court notes that, before this Court ruled on the summary judgment motions, the Burton Children tried to exclude this paragraph of Ms. Zielke Burton's declaration under Washington's dead man statute, ECF No. 67 at 3, but the Court denied that motion. ECF No. 82 at 8.

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 11

1  Finding no clear error in the Court's order granting Ms. Zielke Burton's
2  motion for summary judgment, the Court finds that the Burton Children's motion for
3  reconsideration is without merit.

4  Accordingly, **IT IS HEREBY ORDERED** that The Burton Children's
5  Motion for Reconsideration, **ECF No. 89**, is **DENIED**.

6  **IT IS SO ORDERED**. The District Court Clerk is directed to enter this
7  Order and provide copies to counsel.

8  **DATED** March 8, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING THE BURTON CHILDREN'S MOTION FOR RECONSIDERATION ~ 12